UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 8:04cv2090-T26 MSS

**SEYMOUR PALMER**

    Plaintiff,

vs.

**BANANA CABANA, INC.,**
a Florida Corporation,

    Defendant.

_____/

## COMPLAINT

The Plaintiff, SEYMOUR PALMER, ("Mr. Palmer," hereinafter referred to as "Plaintiff"), and others similarly situated, sue the Defendant BANANA CABANA, INC., a Florida Corporation ( or "Defendant"), and allege:

### PARTIES, JURISDICTION AND VENUE

1. This is an action for damages pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 *et seq.*, to recover unpaid overtime wages owed by Defendant to Plaintiff exclusive of interest, costs and attorneys' fees.

2. Mr. Palmer is a citizen and resident of Broward County, Florida.

3. Defendant Banana Cabana, Inc., is a Florida Corporation whose place of business is located in Sarasota County, Florida.

4. Defendant Banana Cabana, Inc., has employees that are engaged in commerce or in the production of goods for commerce, and/or has employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce.

Case No.: _____
page - 2 -

5. At all times material hereto, Defendant Banana Cabana, Inc., had annual gross volume of sales made or business done of at least $500,000.

6. Defendant Banana Cabana, Inc., is an enterprise that is engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §206(a).

7. The Court has jurisdiction under 28 U.S.C. §1337 and 29 U.S.C. §216(b).

8. Venue is proper in this Court because Defendant resides in this District and because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this District.

## COUNT I - FAILURE TO PAY OVERTIME PURSUANT TO 29 U.S.C. §207

9. Plaintiff re-alleges and incorporates herein by reference the allegations set forth in Paragraph Nos. 1 through 8 above.

10. Plaintiff was employed by Defendant as a chef who provides culinary services for Defendant's customers.

11. Under Section 207 of the Fair Labor Standards Act, as amended, 29 U.S.C. §201 *et seq.* ("FLSA"), Plaintiff is entitled to receive pay at a rate of not less than one and one-half times their regular rate for each hour that Plaintiff works in excess of forty (40) hours during his workweek.

12. Defendant, in violation of its obligations under the FLSA, has regularly required that Plaintiff work in excess of forty (40) hours per week without providing Plaintiff with the compensation required under the FLSA for the hours that Plaintiff worked in excess of forty (40) hours per week.

13. None of the exemptions set forth in the FLSA regarding the payment of overtime is applicable to Plaintiff.

Case No.: _____

page - 3 -

14. Plaintiff is entitled to be paid time and one-half of his hourly wages for each hour in each workweek in which he worked more than forty (40) hours.

15. The additional persons who may become plaintiffs in this action are employees and former employees of Defendant who, like Plaintiff, performed more than forty (40) hours of work per week without receiving the compensation required under the FLSA for the hours that they worked in excess of forty (40) hours per week. All such similarly situated employees and former employees of Defendant are owed the compensation required under the FLSA for the hours that they worked in excess of forty (40) hours per week.

16. Defendant has willfully violated the FLSA by failing to pay Plaintiff and other similarly situated current and former employees of Defendant with the compensation required under the FLSA for the hours that Plaintiff and other similarly situated current and former employees of Defendant worked in excess of forty (40) hours per week.

17. Upon information and belief, records reflecting the actual hours worked by Plaintiff and all other similarly situated current and former employees of Defendant and the compensation actually paid to such persons are in the possession and control of Defendant, and Plaintiff is unable to state at this time the exact amount due and owed to them or to each similarly situated current and former employees of Defendant. Plaintiff intends to obtain such information through appropriate discovery and, if necessary, Plaintiff will seek leave to amend the Complaint to include such information.

18. By reason of Defendant's intentional, willful and unlawful conduct, Plaintiff and other similarly situated current and former employees of Defendant have suffered damages, incurred costs and are entitled under the FLSA to an award of their reasonable attorneys' fees.

Case 8:04-cv-02090-MSS   Document 1   Filed 09/15/04   Page 4 of 4 PageID 4

19. In addition, as a result of Defendant's violation of the FLSA, Plaintiff and other similarly situated current and former employees of Defendant are entitled to liquidated damages in an amount equal to the amount of the unpaid overtime compensation which they are entitled to recover under the FLSA.

WHEREFORE, the Plaintiff, SEYMOUR PALMER and all other similarly situated current and former employees of Defendant, BANANA CABANA, INC., a Florida Corporation, who have opted into or who will opt into this action pursuant to 29 U.S.C. §216(b), demand judgment against Defendant for the compensation due them under the FLSA for the hours that they have worked without receiving the compensation required under the FLSA, liquidated damages under the FLSA, attorney's fees and costs, and for all other relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all issues so triable.

Respectfully submitted,

Fistel & Rogatinsky, LLP
Attorneys for Plaintiff
103 N.E. 4th Street
Fort Lauderdale, Florida 33301
Tel: (954) 763-9210
Fax: (954) 763-9110

_____
Samuel Rogatinsky, Esq.
Fl Bar No. 0021490